21-2916-cv, 22-106-cv
*Aksman v. Greenwich*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-three.

PRESENT:
> DENNIS JACOBS,
> RICHARD C. WESLEY,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

MICHAEL AKSMAN,

> *Petitioner-Appellant,*

> v.                                                    Nos. 21-2916(L), 22-106(Con)

GREENWICH QUANTITATIVE RESEARCH LP,

> *Respondent-Appellee.*

_____

FOR APPELLANT:                              Adam Paskoff, Paskoff & Tamber LLP,
                                            Englewoods Cliffs, N.J.

FOR APPELLEE:                               Paul Rauser, Serine Consolino, Aegis
                                            Law Group LLP, Washington, D.C.

Appeal from a judgment of the United States District Court for the

Southern District of New York (Engelmayer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the district court's December 21, 2021 order

denying Petitioner-Appellant Michael Aksman's motion for extension of time to

file an appeal is **AFFIRMED**.

Petitioner-Appellant Michael Aksman appeals the district court's order

denying his motion for extension of time to file an appeal.  We assume the

parties' familiarity with the underlying facts, procedural history, and arguments

on appeal, and we refer to them only as necessary to explain our decision.

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of

appeal be filed within thirty days of the district court's "entry of the judgment or

order appealed from."  *See also* 28 U.S.C. § 2107(a).  A party can move for the

district court to extend that deadline if the party (i) "so moves no later than 30

days after the time prescribed by" Rule 4(a) and (ii) "shows excusable neglect or

good cause."  Fed. R. App. P. 4(a)(5)(A).  Here, the "excusable neglect" standard

2

applies because, as explained below, Aksman's need for an extension "results from factors within [his] control." *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021).

The district court's evaluation of a Rule 4(a)(5) motion is "an equitable one" that takes into account "all relevant circumstances surrounding the party's omission." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993). That includes, in particular, the four "*Pioneer*" factors: "[1] the danger of prejudice to the non-movant, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer*, 507 U.S. at 395). [1]

We review the district court's denial of a Rule 4(a)(5)(A) motion for abuse of discretion. *Id.* at 362. "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located

---

[1] In quotations from case law and the parties' briefing, this opinion omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009).

None of Aksman's arguments persuades us that the district court's discretionary ruling "cannot be located within the range of permissible decisions." *Id.* First, we disagree with Aksman's contention that the district court failed to consider each of the *Pioneer* factors. The district court expressly listed each factor in its well-reasoned opinion. *See Aksman v. Greenwich Quantitative Research LP*, No. 20 Civ. 8045, 2021 WL 6551082, at *1 (S.D.N.Y. Dec. 21, 2021). Plus, as here, courts typically focus on the third *Pioneer* factor (the reason for the delay) because the other factors usually, as here, favor the moving party. *Silivanch*, 333 F.3d at 366; *Alexander*, 5 F.4th at 148–49.

Second, the district court did not abuse its discretion by failing to properly evaluate the COVID-19 pandemic's impact on the legal profession. As the district court points out, Aksman's notice of appeal was not due during the height of the COVID-19 lockdowns; it was due on October 28, 2021. *Aksman*, 2021 WL 6551082, at *1. That fact alone distinguishes this case from most of the cases cited in Aksman's briefs, which are largely unpublished decisions from district courts outside of this circuit.

Moreover, an attorney's errors usually do not constitute excusable neglect. The Supreme Court emphasized in *Pioneer* that clients must "be held accountable for the acts and omissions of their chosen counsel." 507 U.S. at 397. And this Court has stressed that "absent extraordinary circumstances, attorney inadvertence is not excusable neglect." *In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007) (citing *Silivanch*, 333 F.3d at 368–70). Aksman has described an attorney's ordinary scheduling error, not extraordinary circumstances.

Finally, we reject Aksman's argument that the district court abused its discretion by failing to simultaneously consider Aksman's attorney's non-COVID-19 illness[2] and COVID-19's impact on the profession. Contrary to Aksman's assertion, the district court's opinion suggests that it *did* consider those facts together. *See Aksman*, 2021 WL 6551082, at *2 (noting Aksman's "attempt to blame the COVID-19 pandemic *and* a non-COVID-19 illness for his docketing error does not boost his claim") (emphasis added).

And, in any event, Aksman makes no showing that his attorney's illness, in conjunction with COVID-19's impact on the legal profession, affected his

---

[2] On appeal, Aksman suggests that his attorney's illness may have been related to COVID-19. *See* Appellant's Br. 13. The source of his illness, in any event, is irrelevant.

5

ability to perform his duties and meet the appeal deadline. *Cf. Alexander*, 5 F.4th at 150 ("We do not rule out the possibility that a severely disabled SSI claimant could satisfy Rule 4(a)(5)'s excusable neglect standard by virtue of the claimant's disability."). Aksman's attorney told the district court only that he "fell ill (non-Covid related)" and a "confluence" of those events caused him to erroneously calendar the appeal deadline for 60 days, not 30. App'x 277. The district court did not abuse its discretion by rejecting these barebones representations.

Accordingly, we **AFFIRM** the district court's order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court